IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK CHVATIK,

        OPINION AND ORDER

       Plaintiff,

        18-cv-515-bbc

   v.

WILLIAM STOYCHOFF,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action for monetary relief under 42 U.S.C. § 1983, pro se plaintiff Mark Chvatik asserted 24 claims against defendant William Stoychoff, a Bayfield County Sheriff's Office deputy, stemming from plaintiff's arrest on December 1, 2015. After defendant filed a motion for summary judgment, dkt. #13, plaintiff abandoned 16 of his claims. The remaining claims are premised on plaintiff's argument that defendant lacked probable cause to arrest him. However, because the undisputed facts show that defendant had probable cause to arrest plaintiff for trespassing and burglary as a party to a crime, plaintiff's claims must fail. Therefore, I will grant defendant's motion for summary judgment.

From the parties' proposed findings of fact and evidence in the record, I find the following facts to be material and undisputed unless otherwise noted. I note that although plaintiff cites his own affidavit in support of many of his proposed findings of facts and responses, he never filed an affidavit with the court. As a consequence, the majority of plaintiff's proposed findings of fact and responses are not supported by any admissible evidence and will not be considered.

1

UNDISPUTED FACTS

On December 1, 2015, at approximately 8:30 a.m., Jameson Hecimovich, a resident of Bayfield County, called 911 and reported that someone had broken into buildings located on his farm. He reported that there was a trail of footprints in the snow leading away from the buildings that could be followed. Defendant William Stoychoff, a Bayfield County Sheriff's Department deputy, and Edward McKillip, a Bayfield County Sheriff's Department investigator, were dispatched to investigate the call. Hecimovich told defendant and McKillip that he had not given permission to anyone to enter his buildings or to take any of his property. Defendant followed the footprints in the snow to the adjacent farm. On his return, he reported what he had discovered, and he and McKillip drove to the adjacent farm to investigate.

Shortly after defendant and McKillip arrived at the neighboring farm, which belonged to the Chvatik family, plaintiff Mark Chvatik and his brother, Anthony Chvatik, drove into the driveway. McKillip spoke with Anthony Chvatik, who admitted that he and plaintiff had made the footprints in the snow at the Hecimovich farm and that they had gone there to find a tire plug. Anthony Chvatik stated that he had entered the buildings on the Hecimovich farm and that he did not have permission to do so. He stated that plaintiff also went onto Hecimovich's farm but did not enter any of the buildings. (Plaintiff states that he was standing near Anthony Chvatik and did not hear him admit to trespassing on the Hecimovich farm or taking anything.) After he finished questioning Anthony Chvatik, McKillip told defendant that based on Anthony Chvatik's statements, there was probable

cause to arrest both Anthony Chvatik and plaintiff for burglary and trespass. Specifically, he told defendant that Anthony Chvatik's statements suggested that plaintiff had been involved in the burglary. Defendant first arrested Anthony Chvatik, and McKillip transported Anthony Chvatik to the Bayfield County jail.

After McKillip left, defendant questioned plaintiff. Plaintiff denied any involvement in the matter and told defendant that he had not taken anyone else's property. Plaintiff then started to walk away, but defendant told him he was under arrest for burglary. During the arrest, defendant searched plaintiff for weapons and seized plaintiff's wallet and cell phone. Defendant did not search plaintiff's wallet or the data on his cell phone. (Plaintiff states that defendant did search the cell phone and wallet, but he cites no admissible evidence to support this assertion.) Defendant transported plaintiff to the Bayfield County jail, where defendant turned over plaintiff's wallet and cell phone. Plaintiff was later charged with being party to the crimes of burglary and theft, but the charges were dismissed on the prosecutor's motion before trial.

OPINION

In his complaint, plaintiff asserted 24 claims under the constitution and Wisconsin state law against defendant arising out of his arrest and detention on December 1, 2015. In his response to defendant's motion for summary judgment, plaintiff abandoned 16 of the of the counts: 2, 4, 6, 8, 10, 12, 14, 16, 17, 18, 19, 20, 21, 22, 23 and 24 of his complaint. Plt.'s Br., dkt. #21, at 11. Therefore, I will grant defendant's motion for summary judgment

3

as to those claims without further discussion.

This leaves the following eight claims:

- unreasonable seizure (count 1)

- false arrest (count 3)

- false imprisonment (count 5)

- unlawful search of plaintiff's person (count 7)

- unlawful seizure of plaintiff's cell phone (count 9)

- unlawful search of plaintiff's cell phone (count 11)

- unlawful seizure of plaintiff's wallet (count 13)

- unlawful search of plaintiff's wallet (count 15)

All of plaintiff's remaining claims are premised on his argument that defendant lacked probable cause to arrest him. In particular, he argues that because defendant lacked probable cause to believe that plaintiff had committed a crime, the subsequent arrest, searches, seizures of personal property and detention were unconstitutional. But the undisputed facts show that defendant had probable cause to arrest plaintiff.

"An officer has probable cause to make an arrest only when the facts and circumstances within his knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect has committed an offense." Gibbs v. Lomas, 755 F.3d 529, 537 (7th Cir. 2014) (citation omitted). "In making this assessment, the question is whether, given the 'totality of the circumstances,' a reasonable officer would believe that the suspect had committed a crime." Id. (quoting

4

Jones v. City of Elkhart, Indiana, 737 F.3d 1107, 1114 (7th Cir. 2013)). This standard "does not require that the officer's belief be correct or even more likely true than false, so long as it is reasonable." Fleming v. Livingston County, Illinois, 674 F.3d 874, 879 (7th Cir. 2012) (citations omitted). In addition, the subjective motivations of the officer are irrelevant. Id. See also Abbott v. Sangamon County, Illinois, 705 F.3d 706, 714 (7th Cir. 2013) ("Determining whether an officer had probable cause to arrest entails a purely objective inquiry; the officer's subjective state of mind and beliefs are irrelevant.") Because probable cause is an objective standard, an arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense cited at the time of arrest or booking. Devenpeck v. Alford, 543 U. S. 146, 153-55, n.2 (2004). See also McComas v. Brickley, 673 F.3d 722, 727 (7th Cir. 2012) ("[A]n arrest is reasonable under the Fourth Amendment so long as there is probable cause to believe that some criminal offense has been or is being committed, even if it is not the crime with which the officers initially charge the suspect.")

At the time defendant arrested plaintiff, he knew that (1) Hecimovich had reported a potential burglary on his property; (2) footprints in the snow led from Hecimovich's farm to the neighboring farm, where plaintiff and Anthony Chvatik, plaintiff's brother, were located shortly after the reported burglary; (3) according to McKillip, Anthony Chvatik reported that he and plaintiff had trespassed onto Hecimovich's property and that he, though not plaintiff, had entered a building and taken a tire plug; (4) according to McKillip, Anthony Chvatik suggested that plaintiff was involved in the burglary; and (5) plaintiff denied going onto Hecimovich's property or taking the tire plug.

5

Defendant contends that these facts gave him probable cause to arrest plaintiff for burglary or trespass. I agree. Under Wisconsin law, the crime of burglary is defined as: "Whoever intentionally enters any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony in such place is guilty of a Class F felony: Any building or dwelling." Wis. Stat. § 943.10(1M)(a). In addition, a person who does not commit a crime directly may be charged and convicted of the crime as a "party to a crime," if the person "intentionally aids and abets the commission" or "is a party to a conspiracy with another to commit it. . . ." Id. § 939.05(2)(b) & (c). Relying on Hecimovich's statements, the footprints leading to the Chvatik family farm and McKillip's report that Anthony Chvatik had implicated plaintiff in the trespass, defendant could conclude reasonably that plaintiff had entered onto Hecimovich's property with the intent to steal something, or at least with the intent to help his brother steal something. In fact, Anthony Chvatik's statements to McKillip alone would likely be sufficient to establish probable cause. See also United States v. McCauley, 659 F.3d 645, 651 (7th Cir. 2011) ("When police officers obtain information from an eyewitness . . . establishing the elements of a crime, the information is almost always sufficient to provide probable cause for an arrest in the absence of evidence that the information, or the person providing it, is not credible.").

Plaintiff argues that defendant cannot prove that he had probable cause to arrest him because defendant's dash cam video did not capture Anthony Chvatik's statements to McKillip. But video or audio evidence is not necessary to establish probable cause.

Because defendant had probable cause to arrest plaintiff, plaintiff's false arrest,

unreasonable seizure and false imprisonment claims fail. Fleming, 674 F.3d at 878 ("[I]f [the officer] actually did have probable cause to arrest [plaintiff], then a Fourth Amendment claim for false arrest is foreclosed."); Hawkins v. Mitchell, 756 F.3d 983, 994 (7th Cir. 2014) ("Probable cause is an absolute bar to a claim of false imprisonment.").

Plaintiff's challenges to defendant's search of plaintiff after the arrest and seizure of his phone and wallet also fail, because the searches and seizures were incident to a lawful arrest. "When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape." Riley v. California, 573 U.S. 373, 383 (2014) (citations omitted). In addition, it is lawful for an officer to seize and inventory the contents of a person's pockets who is arrested and taken into custody. Illinois v. Lafayette, 462 U.S. 640, 644 (1983) (officers may perform inventory search of arrested individuals before booking and jailing them); United States v. Brixen, 908 F.3d 276, 280 (7th Cir. 2018) (officer may seize cell phone incident to arrest).

Finally, although it would have been unlawful for defendant to search the contents of plaintiff's cell phone without a warrant, Riley, 573 U.S. at 403, plaintiff has submitted no evidence that defendant did so. Nor has plaintiff presented evidence that defendant searched his wallet after arresting him.

For these reasons, plaintiff cannot succeed on any of his claims. Therefore, defendant is entitled to summary judgment.

ORDER

IT IS ORDERED that defendant William Stoychoff's motion for summary judgment, dkt. #13, is GRANTED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 25th day of July, 2019.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge